# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CRIMINAL MINUTES - SENTENCING AND JUDGMENT

Priority ___
Send ___
Enter ___
Closed ___
JS-5/JS-6 ___
JS-2/JS-3 ___
Scan Only ___

( ___ Amended _____ )

Case No.   EDCR 03-84 (A) VAP                                    Date   January 9, 2006

Present: The Honorable   VIRGINIA A. PHILLIPS

| Rachel Ingram | Phyllis Preston | Timothy Searight |
|---|---|---|
| *Deputy Clerk* | *Court Reporter/Recorder, Tape No.* | *Assistant U.S. Attorney* |

| Defendant | Counsel for Defendant | Retd. DFPD Panel | Interpreter |
|---|---|---|---|
| KIM STINSON | David McLane | ✘ | None |

**PROCEEDINGS:**   **SENTENCING AND JUDGMENT**

✘ Refer to Judgment and Probation/Commitment Order; signed copy attached hereto.   ___ See below for sentence.
___ Imprisonment for  years/months   on each of counts _____
   Count(s) _____   concurrent/consecutive to count(s) _____
   Fine of $ _____   is imposed on each of count(s) concurrent/consecutive.
___ Execution/Imposition of sentence as to imprisonment only suspended on count(s) _____
___ Confined in jail-type institution for _____ to be served on consecutive days/weekends
    commencing _____
___ years/months Supervised Release/Probation imposed on count(s) _____
consecutive/concurrent to count(s) _____
under the usual terms & conditions (see back of Judgment/Commitment Order) and the following additional terms and conditions, under the direction of the Probation Office:
   ___ Perform _____ hours of community service.
   ___ Serve _____ in a CCC/CTC.
   ___ Pay  $ _____ fine amounts & times determined by P/O.
   ___ Make $ _____ restitution in amounts & times determined by P/O.
   ___ Participate in a program for treatment of narcotic/alcohol addiction.
   ___ Pay any fine imposed by this sentence & that remains unpaid at commencement of community supervision. Comply with rules/regulations of BICE, if deported not return to U.S.A. illegally and upon any reentry during period of supervision report to the nearest P/O within 72 hours.
   ___ Other conditions: _____
___ Pursuant to Section 5E1.2(e), all fines are waived, including costs of imprisonment & supervision. The Court finds the defendant does not have the ability to pay.
___ Pay  $ _____ per count, special assessment to the United States for a total of $ _____
___ Imprisonment for  months/years   and for a study pursuant to 18 USC _____
    with results to be furnished to the Court within   days/months   whereupon the sentence shall be subject to modification. This matter is set for further hearing on _____
___ Government's motion, all remaining count(s)/underlying indictment/information, ordered dismissed.
✘ Defendant informed of right to appeal.
___ ORDER sentencing transcript for Sentencing Commission.   ✘ Processed statement of reasons.
___ Bond exonerated ___ upon surrender ___ upon service of _____
___ Execution of sentence is stayed until 12 noon, _____
    at which time the defendant shall surrender to the designated facility of the Bureau of Prisons, or if no designation made, to the U.S. Marshal.
___ Defendant ordered remanded to/released from custody of U.S. Marshal forthwith.
___ Issued Remand/Release   # _____
___ Present bond to continue as bond on appeal.   ___ Appeal bond set at  $ _____
✘ Filed and distributed judgment. Issd JS-3. ENTERED.
✘ Other   The transcript of this proceeding shall remained sealed.

ENTER ON ICMS
JAN 1 1 2006

                                                                  1 : 40
                                          Initials of Deputy Clerk   ri

cc:

CR-90 (12/03)                    CRIMINAL MINUTES - SENTENCING AND JUDGMENT

United States District Court
Central District of California

| UNITED STATES OF AMERICA vs. | Docket No. | EDCR 03-84 (A) VAP |

**Defendant** KIM STINSON

akas: Hodge, Zachary; Kim, Zachary; Stinson, Zachary K.; Stinson Zachary Kim; "Crack Daddy"

Social Security No. 9  6  1  1
(Last 4 digits)

## JUDGMENT AND PROBATION/COMMITMENT ORDER

In the presence of the attorney for the government, the defendant appeared in person on this date.

| MONTH | DAY | YEAR |
|---|---|---|
| 01 | 09 | 2006 |

**COUNSEL** ☒ WITH COUNSEL  Dave S. McLane
(Name of Counsel)

**PLEA** ☒ GUILTY, and the court being satisfied that there is a factual basis for the plea.  ☐ NOLO CONTENDERE  ☐ NOT GUILTY

**FINDING** There being a finding/verdict of ☒ GUILTY, defendant has been convicted as charged of the offense(s) of: First Superseding Indictment: Conspiracy to Manufacture, to Aid and Abet the Manufacture of, and to Possess with Intent to Distribute Phencyclindine (PCP) (21 U.S.C. §846, 841(a)(1),(b)(1)(A); 18 U.S.C. § 2; First Supplemental Information: Felon in Possession of Firearm (18 U.S.C. §922(g)).

**JUDGMENT AND PROB/ COMM ORDER** The Court asked whether defendant had anything to say why judgment should not be pronounced and the defendant addressed the Court. Because no sufficient cause to the contrary was shown, or appeared to the Court, the Court adjudged the defendant guilty as charged and convicted and ordered that:

**SPECIAL ASSESSMENT** The defendant shall pay to the United States a special assessment of $200, which is due immediately.

**FINE** Pursuant to U.S.S.G. § 5E1.2(e) of the Guidelines, all fines are waived as it is found that the defendant does not have the ability to pay a fine.

Pursuant to the Sentencing Reform Act of 1984, and the Court having treated the guideline sentencing range, as a result of Booker and Fanfan, as advisory, and having applied all the relevant factors of 18 U.S.C. § 3553(a), it is the judgment of the Court that the defendant, Kim Zachary Stinson, is hereby committed on Count 1 of the First Superseding Indictment and Count 1 of the First Supplemental Information to the custody of the Bureau of Prisons to be imprisoned for a term of 30 months which the Court considers to be time already served. The calculation of defendant's time shall be expedited, and shall include all time in custody with ATF, DEA and Los Angeles Sheriff's Department. See the Court's orders filed under seal dated October 31, 2003 and April 21, 2004.

This term consists of 30 months on each of Count 1 of the First Superseding Indictment and Count 1 of the First Supplemental Information, to be served concurrently.

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of five years. This term consists of five years on Count 1 of the First Superseding Indictment and three years on Count 1 of the First Supplemental Information, all such terms to run concurrently, under the following terms and conditions:

1. The defendant shall comply with the rules and regulations of the U. S. Probation Office and General Order 318;

2. The defendant shall participate in an outpatient substance abuse treatment and counseling program that includes urinalysis, saliva and/or sweat patch testing, as directed by the Probation

USA vs. KIM STINSON                                    Docket No.:   EDCR 03-84 (A) VAP

       Officer. The defendant shall abstain from using illicit drugs, alcohol, and abusing prescription medications during the period of supervision;

3. During the course of supervision, the Probation Officer, with the agreement of the defendant and defense counsel, may place the defendant in a residential drug treatment program approved by the United States Probation Office for treatment of narcotic addiction or drug dependency, which may include counseling and testing, to determine if the defendant has reverted to the use of drugs, and the defendant shall reside in the treatment program until discharged by the Program Director and Probation Officer;

4. As directed by the Probation Officer, the defendant shall pay all or part of the costs of treating the defendant's drug dependency/alcohol dependency/psychiatric disorder to the aftercare contractor during the period of community supervision, pursuant to 18 U.S.C. § 3672. The defendant shall provide payment and proof of payment as directed by the Probation Officer;

5. During the period of community supervision the defendant shall pay the special assessment in accordance with this judgment's orders pertaining to such payment; and

6. The defendant shall cooperate in the collection of a DNA sample from the defendant.

The Court authorizes the Probation Office to disclose the Presentence Report to the substance abuse treatment provider to facilitate the defendant's treatment for narcotic addiction or drug dependency. Further redisclosure of the Presentence Report by the treatment provider is prohibited without the consent of the sentencing judge.

On Government's motion, the underlying complaint and/or remaining count(s), ORDERED, dismissed.

DEFENDANT INFORMED OF RIGHT TO APPEAL.

In addition to the special conditions of supervision imposed above, it is hereby ordered that the Standard Conditions of Probation and Supervised Release within this judgment be imposed. The Court may change the conditions of supervision, reduce or extend the period of supervision, and at any time during the supervision period or within the maximum period permitted by law, may issue a warrant and revoke supervision for a violation occurring during the supervision period.

Jan 9, 2006                                             _Virginia A. Phillips_
Date                                                    U. S. District Judge

It is ordered that the Clerk deliver a copy of this Judgment and Probation/Commitment Order to the U.S. Marshal or other qualified officer.

                                   Sherri R. Carter, Clerk

Jan. 9, 2006                                     By  _Rachel Ingram_
Filed Date                                            Deputy Clerk

1103

USA vs.  KIM STINSON                                    Docket No.:  EDCR 03-84 (A) VAP

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below).

## STANDARD CONDITIONS OF PROBATION AND SUPERVISED RELEASE

While the defendant is on probation or supervised release pursuant to this judgment:

1. The defendant shall not commit another Federal, state or local crime;
1. the defendant shall not leave the judicial district without the written permission of the court or probation officer;
2. the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
3. the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4. the defendant shall support his or her dependents and meet other family responsibilities;
5. the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6. the defendant shall notify the probation officer at least 10 days prior to any change in residence or employment;
7. the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
8. the defendant shall not frequent places where controlled substances are illegally sold, used, distributed or administered;
9. the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10. the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
11. the defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;
12. the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13. as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to conform the defendant's compliance with such notification requirement;
14. the defendant shall, upon release from any period of custody, report to the probation officer within 72 hours;
15. and, for felony cases only: not possess a firearm, destructive device, or any other dangerous weapon.

☐ The defendant will also comply with the following special conditions pursuant to General Order 01-05 (set forth below).

## STATUTORY PROVISIONS PERTAINING TO PAYMENT AND COLLECTION OF FINANCIAL SANCTIONS

The defendant shall pay interest on a fine or restitution of more than $2,500, unless the court waives interest or unless the fine or restitution is paid in full before the fifteenth (15th) day after the date of the judgment pursuant to 18 U.S.C. §3612(f)(1).  Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. §3612(g).  Interest and penalties pertaining to restitution, however, are not applicable for offenses completed prior to April 24, 1996.

If all or any portion of a fine or restitution ordered remains unpaid after the termination of supervision, the defendant shall pay the balance as directed by the United States Attorney's Office.  18 U.S.C. §3613.

The defendant shall notify the United States Attorney within thirty (30) days of any change in the defendant's mailing address or residence until all fines, restitution, costs, and special assessments are paid in full.  18 U.S.C. §3612(b)(1)(F).

The defendant shall notify the Court through the Probation Office, and notify the United States Attorney of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay a fine or restitution, as required by 18 U.S.C. §3664(k).  The Court may also accept such notification from the government or the victim, and may, on its own motion or that of a party or the victim, adjust the manner of payment of a fine or restitution-pursuant to 18 U.S.C. §3664(k).  See also 18 U.S.C. §3572(d)(3) and for probation 18 U.S.C. 3563(a)(7).

. Payments shall be applied in the following order:

1. Special assessments pursuant to 18 U.S.C. §3013;
2. Restitution, in this sequence:
   Private victims (individual and corporate),
   Providers of compensation to private victims,
   The United States as victim;
3. Fine;
4. Community restitution, pursuant to 18 U.S.C. §3663(c); and
5. Other penalties and costs.

USA vs.   KIM STINSON                                              Docket No.:   EDCR 03-84 (A) VAP

## SPECIAL CONDITIONS FOR PROBATION AND SUPERVISED RELEASE

As directed by the Probation Officer, the defendant shall provide to the Probation Officer: (1) a signed release authorizing credit report inquiries; (2) federal and state income tax returns or a signed release authorizing their disclosure and (3) an accurate financial statement, with supporting documentation as to all assets, income and expenses of the defendant. In addition, the defendant shall not apply for any loan or open any line of credit without prior approval of the Probation Officer.

The defendant shall maintain one personal checking account. All of defendant's income, "monetary gains," or other pecuniary proceeds shall be deposited into this account, which shall be used for payment of all personal expenses. Records of all other bank accounts, including any business accounts, shall be disclosed to the Probation Officer upon request.

The defendant shall not transfer, sell, give away, or otherwise convey any asset with a fair market value in excess of $500 without approval of the Probation Officer until all financial obligations imposed by the Court have been satisfied in full.

These conditions are in addition to any other conditions imposed by this judgment.

---

### RETURN

I have executed the within Judgment and Commitment as follows:

Defendant delivered on _____ to _____
Defendant noted on appeal on _____
Defendant released on _____
Mandate issued on _____
Defendant's appeal determined on _____
Defendant delivered on _____ to _____
at _____
the institution designated by the Bureau of Prisons, with a certified copy of the within Judgment and Commitment.

United States Marshal

By _____
Date                Deputy Marshal

### CERTIFICATE

I hereby attest and certify this date that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.

Clerk, U.S. District Court

By _____
Filed Date                Deputy Clerk

4 (11/04)                                    JUDGMENT & PROBATION/COMMITMENT ORDER

USA vs.   KIM STINSON                              Docket No.:   EDCR 03-84 (A) VAP

## FOR U.S. PROBATION OFFICE USE ONLY

Upon a finding of violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____     _____
         Defendant                           Date


_____              _____
U. S. Probation Officer/Designated Witness   Date